## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**FRANCISCO CARRION,**
**No. R34454,**

                    **Petitioner,**

**vs.**                                                    **CIVIL NO. 13-CV-00778-DRH**

**RICHARD HARRINGTON,**

                    **Respondent.**

### MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Petitioner Francisco Carrion, currently incarcerated in the Menard Correctional Center, brings this habeas corpus action pursuant to 28 U.S.C. § 2254 to challenge the constitutionality of his 20004 convictions for first degree murder and residential burglary, for which he was sentenced to concurrent terms of 55 and 15 years of incarceration.  *See People v. Carrion*, No. 02-cr-2831 (Cir. Ct. Cook Co. June 30, 2004).

Petitioner claims issues with the sufficiency of the evidence, the alleged bias of the trial judge, the alleged ineffectiveness of counsel, and the adequacy of his access to the courts and due process in light of his inability to speak English.  He also claims that he was afforded ineffective assistance of counsel on appeal by an attorney who filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), indicating there were no meritorious issues.  *See People v. Carrion*, No. 1-04-3785 (Ill. App. 1st Dist. Feb. 28, 2006).  Carrion similarly takes issue with the

effectiveness of appointed counsel in handling his petition for post-conviction relief. *See People v. Carrion*, No. 02-cr-2831 (Cir. Ct. Cook Co. Jan. 21, 2011). The appeal of the denial of Carrion's post-conviction petition was affirmed by the Appellate Court of Illinois on April 13, 2012. *See People v. Carrion*, No. 1-11-0601 (Ill. App. 1st Dist. April 13, 2012). The subject petition was filed on July 31, 2013.

Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

After carefully reviewing the petition in the present case, the Court concludes that there is insufficient information before the Court upon which to conclude that dismissal at this preliminary stage pursuant to Rule 4 is appropriate. Therefore, respondent will be required to respond or otherwise plead.

**IT IS HEREBY ORDERED** that respondent shall answer the petition or otherwise plead within thirty days of the date this Order is entered. This preliminary order to respond does not, of course, preclude the State from making whatever waiver, exhaustion or timeliness it may wish to present. Service upon the Illinois Attorney General, Criminal Appeals Bureau, 100 West Randolph, 12th

Floor, Chicago, Illinois 60601 shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to a United States Magistrate Judge for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral*.

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**August 20, 2013**

David R. Herndon
2013.08.20
15:12:28 -05'00'

**Chief Judge**
**United States District Court**