IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**FRANCISCO CARRION,**

       Petitioner,

vs.                                                     Civil No.  13-cv-778-DRH-CJP

**KIM BUTLER,**

       Respondent.

## MEMORANDUM and ORDER

**HERNDON, Chief Judge:**

Petitioner Francisco Carrion was convicted of first degree murder and residential burglary after a bench trial in Cook County, Illinois, in 2004. He was sentenced to concurrent terms of fifty-five and fifteen years imprisonment.

On July 29, 2013, Carrion filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254, raising the following grounds:

1. The evidence was insufficient to prove the charge of residential burglary beyond a reasonable doubt.

2. The evidence was insufficient to prove the charge of first degree murder beyond a reasonable doubt.

3. The trial judge was biased and considered improper evidence at sentencing.

4. Trial counsel was ineffective in failing to ensure that petitioner understood the proceedings due to his lack of proficiency in the English language, forcing petitioner to waive a jury, and trying to get petitioner to plead guilty.

5. Petitioner was denied due process, equal protection and access to the courts because he is unable to speak, write or understand English.

6. Appellate counsel was ineffective in failing to raise the issues set

    forth in grounds 1 through 5 above, and in abandoning petitioner by filing a motion for leave to withdraw pursuant to *Anders v. California,* 87 S. Ct. 1396 (1967).

  7. Postconviction counsel was ineffective in failing to raise all meritorious claims and in abandoning petitioner by filing a motion for leave to withdraw pursuant to *Pennsylvania v. Finley*, 107 S.Ct. 1990 (1987).

In response, respondent contends that the petition is time-barred, some of the claims are procedurally defaulted, and none of the claims are meritorious.

## Relevant Facts

### 1. Facts of the Crime

The Appellate Court, First District, issued Rule 23 orders on both direct appeal and appeal from the dismissal of Carrion's postconviction petition. Neither order described the facts of the crime. The following summary is taken from the *Anders* brief filed by petitioner's counsel in his direct appeal. Doc. 17, Ex. A.

In the early morning hours of July 14, 2001, a police officer was dispatched to an apartment in Palatine, Illinois. He found the 69 year old victim, Maryanne Zymali, lying on the kitchen floor. Ms. Zymali suffered multiple stab wounds as well as other injuries. A stab wound to her abdomen caused massive internal hemorrhaging. Two knives were recovered from the scene.

Petitioner Carrion lived next door. He was 19 years old and had recently emigrated from Mexico. He had a sixth grade education and did not speak English. A Spanish-speaking officer, Detective Delgadillo, interviewed him after

the incident. He denied involvement, but agreed to give fingerprints. His fingerprint and palm print were found to match the prints on one of the knives. He was interviewed again by Detective Delgadillo, and confessed. He then gave a videotaped statement to an Assistant State's Attorney, with Delgadillo acting as interpreter. In his statement, he said he did not know what he wanted to take when he entered the apartment, but he probably would have taken something if he found something.

At trial, Carrion testified that he was drunk and on his way home from a bar. He saw that Ms. Zymali's sliding glass door was open and he went inside. He said that he did not know why he went inside because he was so drunk. He said that the victim confronted him with a knife, and that she was killed as they struggled for the knife. He then jumped up onto the balcony of his second-floor apartment and went to sleep. He denied intending to steal anything.

The state sought the death penalty. Carrion waived a jury trial. The trial judge found him guilty and found him eligible for the death penalty. Defense counsel presented mitigating evidence at the sentencing hearing, and Carrion was sentenced to concurrent sentences of 55 years for first degree murder and 15 years for residential burglary. Ex. A, pp. 4-9.

2.     **Facts Relevant to Timeliness**

Carrion was sentenced in November, 2004, Doc. 1, p. 1. After his conviction was affirmed on direct appeal, he filed a PLA to the Supreme Court of Illinois. The PLA was denied on May 31, 2007. Doc. 1, Ex. 5. He did not file

a petition for writ of certiorari.

The state court received Carrion's postconviction petition in March, 2009. Doc. 17, Ex. I, p. 4. The petition was dismissed on the state's motion. Appointed counsel filed a notice of appeal, and then filed a motion for leave to withdraw and a memorandum in support. Doc. 17, Ex. C. The motion for leave to withdraw was granted, and the Appellate Court affirmed the dismissal of the petition in April, 2012. Doc. 1, Ex. 32. Carrion's pro se PLA was denied on March 27, 2013. Doc. 17, Ex. D, p. 34.

Petitioner alleges that he first mailed his postconviction petition to the Circuit Court of Cook County in September, 2007. In an affidavit filed with the habeas petition, he states that he placed his petition in the mail at Menard Correctional Center on September 12, 2007. Doc. 1, Ex. 1. Petitioner's certificate of service stating that he mailed the petition on September 12, 2007, is located at Doc. 1, Ex. 7. He wrote the clerk of the court on January 23, 2008, seeking information about his petition, and filed a motion for appointment of counsel in April, 2008. Doc. 1, Ex. 8 &10. He received a letter from the clerk, dated May 6, 2008, stating that the judge had denied his motion. Ex. 11.

On May 19, 2008, according to petitioner, he mailed another motion for appointment of counsel, along with a copy of his postconviction petition, to the clerk of court. Doc. 1, Ex. 12. He wrote to the clerk in June, 2008, and she replied on June 26, 2008, that the Chief Deputy Clerk for the Criminal Division "will investigate this matter and contact you." Doc. 1, Ex. 14. The next month,

the Chief Deputy Clerk wrote to him regarding his request for a copy of the "original search warrant" in his case. He wrote back clarifying that he had requested the status of his postconviction petition. Doc. 1, Ex. 15 & 16. He wrote several more letters. Doc. 1, Ex. 17-20. Ultimately, in January, 2009, the clerk of court wrote him a letter stating "we do not have your post-petition in the file. Please re-file your petition." Doc. 1, Ex. 21.

The Circuit Court's minute entries reflect receipt of only 1 document in 2008, i.e., the motion for appointment of counsel. The motion was denied the same day. Doc. 17, Ex. H, p. 11. The next entry, dated March 5, 2009, refers to "Inmate Correspondence Rec'd" and "Post conviction petition." Doc. 17, Ex. H, p. 12. The court file contains a copy of the postconviction petition which Carrion dated September, 2007, and a motion for appointment of counsel, dated May 19, 2008. However, these pleadings are file-stamped March 5, 2009. Doc. 17, Ex. I, pp. 6-15. Carrion also filed a memo to the clerk, which he dated February 9, 2009, stating that he mailed his postconviction petition in 2007 and again in 2008. Doc. 17, Ex. I, p. 16.

## Law Applicable to §2254 Petition

This habeas petition is subject to the provisions of the Antiterrorism and Effective Death Penalty Act, known as the AEDPA. "The Antiterrorism and Effective Death Penalty Act of 1996 modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 122 S.Ct. 1843, 1849 (2002).

Habeas is *not* yet another round of appellate review.  28 U.S.C. §2254(d) restricts habeas relief to cases wherein the state court determination "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States" or "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

A judgment is "contrary to" Supreme Court precedent if the state court "contradicts the governing law set forth in [Supreme Court] cases. " *Coleman v. Hardy*, 690 F.3d 811, 814 (7th Cir. 2012), citing *Williams v. Taylor*, 120 S. Ct. 1495 (2000).  A state court decision is an "unreasonable application of" clearly established law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.*    The scope of federal review of state court decisions on habeas is "strictly limited" by 28 U.S.C. § 2254(d)(1). *Jackson v. Frank*, 348 F.3d 658, 661 (7th Cir. 2003).  The unreasonable application standard is "a difficult standard to meet." *Id.*, at 662.  Even an incorrect or erroneous application of the federal precedent will not justify habeas relief; rather, the state court application must be "something like lying well outside the boundaries of permissible differences of opinion." *Id.*, at 662 (internal citation omitted).

28 U.S.C. §2244 creates a one-year limitation period for filing a petition for writ of habeas corpus.  Under 28 U.S.C. §2244(d)(1), a person convicted in state court must file his federal habeas petition within one year of the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The one-year statute of limitations is tolled during the pendency of a "properly-filed" state postconviction petition. 28 U.S.C. §2244(d)(2).

## Analysis

**1. Timeliness**

Petitioner does not allege that his habeas claim arises out of newly-discovered facts or a newly-recognized constitutional right, or that the state created an impediment to filing. Therefore, §2244(d)(1)(A) applies, and the one-year limitations period began to run when his conviction became final upon expiration of the time for seeking direct review. Carrion's conviction became final on August 29, 2007, the expiration of the period during which he could have filed a petition for writ of certiorari on direct appeal. *Anderson v. Litscher*, 281 F.3d 672, 675 (7th Cir. 2002).

The one-year period began to run on August 29, 2007. Carrion's habeas petition was not filed until July 29, 2013. The petition is untimely unless statutory or equitable tolling applies. Petitioner has not advanced an argument

for equitable tolling. However, statutory tolling may apply on the record presented.

The one-year statute of limitations is tolled during the pendency of a "properly-filed" state postconviction petition. 28 U.S.C. §2244(d)(2). A postconviction petition filed after the one-year period has expired does not serve to revive the limitations period. *DeJesus v. Acevedo*, 567 F.3d 941, 943 (7th Cir. 2009). Carrion's postconviction petition was not received by the state court until March, 2009. However, Carrion has presented evidence that he mailed his postconviction petition, using the prison's mail system, in September, 2007. Respondent argues that this petition cannot serve to toll the one-year period because it was not "properly filed."

Respondent cites and attempts to distinguish *Ray v. Clements*, 700 F.3d 993 (7th Cir. 2012). There, the petitioner was a Wisconsin prisoner. He alleged that he gave a postconviction motion to a prison employee for mailing to the Wisconsin state court within a year from the date on which his conviction was final. Long after the year expired, he learned that the court had not received his motion. He filed another state motion, and, after the denial of same, filed a federal habeas petition. The state contended that the habeas petition was not timely. The Seventh Circuit held that the first postconviction motion, which was not received by the state court, served to toll the limitations period because the "mailbox rule," enunciated in *Houston v. Lack*, 108 S. Ct. 2379 (1988), applied. "We agree with the majority of our sister circuits and hold that the mailbox rule applies to a state pro se prisoner's post-conviction

filings unless the state where the prisoner was convicted has clearly rejected the rule." *Ray*, 700 F.3d at 1004.

Respondent argues that Illinois has rejected the mailbox rule because Illinois requires actual receipt of a pleading for filing. This argument reflects a misunderstanding of the mailbox rule. This is not a case where the petitioner's pleading was never actually filed; Carrion's postconviction petition was ultimately received by the circuit court and filed. If the mailbox rule applies, the postconviction petition will be deemed to have been filed as of the date it was originally mailed. The fact that it could not actually be filed until received by the clerk of the court is not dispositive.

Illinois clearly applies the mailbox rule to pleading filed by prison inmates, including postconviction petitions. See, *People v. Tlatenachi*, 909 N.E.2d 198, 205-206 (Ill. App. 1 Dist. 2009), and cases cited therein. It appears that *Ray* should apply here. However, it is unnecessary to definitely decide that issue, as Carrion's habeas petition lacks merit. It is permissible to decide the merits of a habeas petition without first resolving a timeliness issue. *Estremera v. United States*, 724 F.3d 773, 775 (7th Cir. 2013).

**2.   Merits of Habeas Petition**

Carrion has exhausted his state remedies, but the first four grounds for habeas relief are procedurally defaulted.

A habeas petitioner must clear two procedural hurdles before the Court may reach the merits of his habeas corpus petition: exhaustion of remedies and procedural default. *Rodriguez v. Peters*, 63 F.3d 546, 555 (7th Cir. 1995).

Before seeking habeas relief, a petitioner is required to present his claims through "one complete round of the State's established appellate review process" because "the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts." *O'Sullivan v. Boerckel*, 119 S.Ct. 1728, 1732-1733 (1999). See also 28 U.S.C. §2254(c). Under the Illinois two-tiered appeals process, petitioners such as Carrion must fully present their claims not only to an intermediate appellate court, but also to the Illinois Supreme Court, which offers discretionary review in cases such as this one. *Id.* at 1733-1734.

Petitioner's first four grounds were raised in counsel's *Anders* brief on direct appeal. However, they were not raised in his PLA. See, Doc. 17, Ex. B. Therefore, these grounds were not presented for one full round on direct appeal.

Petitioner raised these arguments again in his postconviction petition, but, as counsel noted in her memorandum in support of her motion for leave to withdraw, these issues were barred at that stage by res judicata. Doc. 17, Ex. C. Carrion included these issues in his PLA, but this does not preserve them for habeas review because the issues were decided on independent and adequate state grounds at the postconviction stage. Although the Appellate Court order affirming the dismissal of his postconviction petition is not explicit, based on the record before the state court and counsel's *Finley* motion, this Court concludes that the state court disposed of these four issues on

independent and adequate state law grounds. See *Woods v. Schwartz*, 589 F.3d 368, 375-77 (7th Cir. 2009) (where *Finley* motion explains that claim is procedurally barred and "[n]othing in the appellate court's order discusses how [petitioner] could escape the procedural bar," the habeas court may rely on *Finley* motion and history of case to conclude that the state court rejected the claim on state-law grounds rather than adjudicating the claim on merits). Disposition of the claims on independent and adequate state law grounds bars habeas review. *Smith v. Gaetz*, 565 F.3d 346, 351 (7th Cir. 2009).

Carrion's fifth ground, that he was denied due process, equal protection and access to the court because he is unable to speak, write or understand English, was not presented to the state court at all, and therefore cannot be considered here. *O'Sullivan,* 119 S.Ct. at 1732-1733.

Carrion's sixth ground, that appellate counsel was ineffective, was presented for one full round of state court review on postconviction collateral proceedings. See, Doc. 17, Ex. C (*Finley* motion and memorandum in support) and Ex. D (PLA). Therefore, the Court can consider the merits of this claim.

The crux of Carrion's argument is that appellate counsel was ineffective in filing an *Anders* brief and seeking leave to withdraw.[1] A claim of ineffective assistance of counsel must be analyzed under *Strickland v. Washington*, 104 S.Ct. 2052 (1984). Analysis under *Strickland* and on habeas review under §2254 are both highly deferential. Where, as here, both apply, the review is

---

[1] To the extent that this point is simply a critique of the *Anders* procedure, this Court can only observe that it is required to follow Supreme Court precedent.

"doubly" deferential. *Harrington v. Richter*, 131 S.Ct. 770, 788 (2011). In order to show ineffective assistance of counsel under *Strickland*, a petitioner must demonstrate (1) that counsel's performance "fell below an objective standard of reasonableness" ("the performance prong"), and (2) "that the deficient performance prejudiced the defense" ("the prejudice prong"). *Strickland*, 104 S. Ct. at 2066-2067. Petitioner must satisfy both prongs of the *Strickland* analysis in order to be entitled to habeas relief

In order to meet the performance prong in this context of petitioner's claim, petitioner must demonstrate that "counsel unreasonably failed to discover nonfrivolous issues and to file a merits brief raising them." *Smith v. Robbins*, 120 S. Ct. 746, 764 (2000). In order to demonstrate prejudice, he must show "a reasonable probability that, but for his counsel's unreasonable failure to file a merits brief, he would have prevailed on his appeal." *Ibid.*

Here, petitioner has not identified any meritorious claim that appellate counsel overlooked. He argues that counsel was ineffective in failing to raise the claims asserted in grounds 1 through 5 of his habeas petition. See, Doc. 1, p. 16. Appellate counsel did, in fact, raise grounds 1 through 4 (ineffective assistance of trial counsel, sufficiency of the evidence, and judicial bias/consideration of improper evidence at sentencing) in her *Anders* brief. See, Doc. 17, Ex. A. The Appellate Court agreed that these issues had no merit. Therefore, these issues were not overlooked by counsel, but were brought to the state court's attention by the *Anders* brief. Raising the issues by way of an *Anders* brief as opposed to a merits brief did not prejudice

petitioner.

For his fifth ground, petitioner alleges that he was generally denied due process, equal protection and access to the courts because he cannot understand English. This claim was not raised by appellate counsel, but it does not present a meritorious claim. Petitioner's constitutional rights were protected in that he was represented by counsel at every stage of the proceedings, except for filing his petitions for leave to appeal to the Illinois Supreme Court. He was not entitled to the assistance of counsel at the discretionary review stage, *Anderson v. Cowan*, 227 F.3d 893, 901 (7th Cir. 2000), and he was, in fact, able to file a petition for leave to appeal in his direct appeal. He has not demonstrated that he was denied due process, equal protection or access to the courts, and has not demonstrated that appellate counsel was ineffective in failing to raise this issue in a merits brief.

Lastly, petitioner argues that he is entitled to habeas relief because postconviction counsel was ineffective. However, ineffectiveness of postconviction counsel is not grounds for habeas relief. 28 U.S.C. §2254(i).

## **Certificate of Appealability**

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, this Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate should be issued only where the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2).

Where a habeas petition is dismissed on procedural grounds without

reaching the underlying constitutional issue, the petitioner must show that reasonable jurists would "find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 120 S. Ct. 1595, 1604 (2000). Both components must be established for a COA to issue.

Here, no reasonable jurist would find it debatable whether this Court's rulings on procedural default or on the substantive issues were correct. Accordingly, the Court denies a certificate of appealability.

## Conclusion

Francisco Carrion's petition for habeas relief under 28 U.S.C. §2254 **(Doc. 1)** is **DENIED**. This cause of action is **DISMISSED WITH PREJUDICE**. The Clerk of Court shall enter judgment accordingly.

This action is **DISMISSED WITH PREJUDICE**. The Clerk of Court shall enter judgment accordingly.

**IT IS SO ORDERED.**

**DATE:** September 15, 2014.

Digitally signed by David R. Herndon
Date: 2014.09.15 14:39:19 -05'00'

**Chief Judge**
**United States District Court**